# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN

JAMES M. BLAIR & LINDA BLAIR,
*jointly & severally as*

          Plaintiffs,

vs.

VERGENNES TOWNSHIP,

          Defendant.

Case No.

Hon.

VERIFIED COMPLAINT FOR
TEMPORARY RESTRAINING
ORDER, INJUNCTIVE, AND
DECLARATORY RELIEF

## PRELIMINARY STATEMENT

1.      This is an action for injunctive and declaratory relief brought by Plaintiffs James M. and Linda Blair (hereinafter "Blairs" or "Plaintiffs").  The Blairs allege that they have been discriminated against in the provision of their housing based on Mr. Blair's disability, in violation of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*.; and the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 USC 3601 *et seq*.  Specifically, the Blairs allege that portions of the Vergennes Township Zoning Ordinances, including section 201.307(B)(a)(3), are unenforceable and facially discriminatory under the Fair Housing Act in that they do not afford disabled homeowners in the Flat River District the same opportunities as able-bodied individuals.  Additionally, the Blairs assert that Vergennes Township discriminated against Mr. Blair based upon his disability by requiring removal of a concrete path in his backyard, which is necessary for his medically related needs, once he no longer resides in the home.  Further, the Blairs assert that Resolution 2021-06 of the Vergennes Township Zoning Ordinances is an unconstitutional regulatory taking of their property without just compensation

in contravention with the Fifth Amendment and in violation of their rights of substantive due process in violation of the Fourteenth Amendment under 42 USC 1983.

## PARTIES

4.     The Plaintiff, James M. Blair, is a resident of Vergennes Township, Kent County, Michigan.

5.     The Plaintiff, Linda Blair, is a resident of Vergennes Township, Kent County, Michigan.

6.     The Defendant, Vergennes Township, is a municipal corporation, located in Kent County, Michigan, and organized under the laws of the State of Michigan.

## JURISDICTION AND VENUE

7.     Jurisdiction is conferred on this Court by 28 USC 1331, 28 USC 1343(a)(3)-(4), and 42 USC 3613, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

8.     Plaintiffs have brought this action to seek relief under 42 USC 1983; 42 USC 3601 *et seq.*; 42 USC 12101 *et seq.*; and the Fifth and Fourteenth Amendments. US Const, Am V, XIV.

9.     Venue is proper in the Western District of Michigan pursuant to 28 USC 1391(b) and (c), as Defendant is deemed to reside in this judicial district and the events or omissions giving rise to the claim arose in this judicial district.

## FACTUAL BACKGROUND

10.     James Blair is an adult married man who is disabled. Mr. Blair has long standing sarcoidosis and asthma, with reduced lung function at 50% of normal range and significant dyspnea on exertion related to his underlying lung disease. At all times relevant herein, Mr. Blair has resided in the Township of Vergennes, Kent County, Michigan.

11.     Linda Blair is an adult woman married to James Blair, who resides with him at the home located at 13922 Thompson Drive in Vergennes Township, Michigan (hereinafter "Property").

12.     The Property at which the Blairs reside is located alongside the Flat River, in what is considered the Flat River District.

13.     The home on the Property is situated on top of a hill, more than 100 feet from the riverbank of the Flat River.

14.     The Property is equipped with a stairway that leads to the Flat River, however Mr. Blair is unable to use it due to his medical condition.

15.     Mr. Blair is diagnosed as having sarcoidosis and asthma, with reduced lung function at 50% of normal range and significant dyspnea on exertion related to his underlying lung disease. **(Exhibit A).**

16.     Due to Mr. Blair's disability, he is unable to freely traverse up and down the hill or stairway, such that he may access his Property or enjoy the Flat River.

### A.  *The Concrete Path*

17.     In late 2015, Mr. Blair constructed a six foot wide concrete path from his home to the Flat River.  **(Exhibit B).**

18.     The concrete path is outside of the 25 foot protected vegetation strip as required by 201.307(F)(3) of the Vergennes Township Zoning Ordinances (hereinafter "Ordinances"). **(Exhibit C)**.

19.     Mr. Blair stained the concrete a brown color to resemble the dirt that is present on the banks of the Flat River, and also landscaped the surroundings such that it blends-in with the surrounding natural environment.

20.     The concrete path is not visible from the Flat River.

21.     At the time the path was constructed, the Ordinances were silent as to the construction of concrete pathways.

22.     Mr. Blair uses a utility task vehicle (hereinafter "UTV") to traverse down the concrete path, as he is unable to walk the length of the path due to his disability.

23.     When using his UTV, Mr. Blair does not drive off the concrete path as he does not wish to disturb the natural habitat and environment surrounding the Flat River.

24.     Mr. Blair constructed the path such that he could utilize and enjoy his Property without causing erosion to the hill leading down to the Flat River.

25.     The path is necessary to allow Mr. Blair access to the Flat River, as his disability makes it impossible for him to walk up and down the steep hill to do so.

26.    Mr. Blair utilizes the concrete path to drive down to the Flat River to maintain the natural beauty of the riverside and remove natural debris and waste left by persons using the Flat River.

27.    Additionally, Mr. Blair drives his UTV down the concrete path so he may fish and perform other leisure activities in the quiet enjoyment of his Property.

### B. *Vergennes Township Zoning Ordinances*

28.    On May 25, 2016, Vergennes Township sent correspondence to Mr. Blair indicating that the concrete path was a nonconforming use and therefore not permitted under its Ordinances. **(Exhibit D).**

29.    On June 20, 2016, Mr. Blair attended a Vergennes Township meeting at which the concrete path was discussed.

30.    During the meeting, Mr. Blair indicated that he could not utilize a staircase to traverse up and down the hill to the Flat River due to his disability. **(Exhibit E).**

31.    Vergennes Township members reported that they had consulted with the State Natural Rivers Administrator who had determined that the concrete path was a structure, and therefore considered a nonconforming use under the Ordinances. **(Exhibit E).**

32.    On July 20, 2016, Vergennes Township sent correspondence to Mr. Blair indicating that it was determined that the concrete path was not protected under the Fair Housing Act and that Mr. Blair had the option to either file for a zoning variance or provide "legal proof" that he was allowed to have the concrete path, or he would be cited. **(Exhibit F).**

33.    On July 28, 2016, Dr. Timothy E. Daum, Mr. Blair's Pulmonary Physician, provided correspondence outlining Mr. Blair's disability and requesting that a reasonable accommodation be made in light of the same. **(Exhibit G).**

34.    The aforementioned correspondence was provided to Vergennes Township on August 1, 2016, along with a detailed analysis provided by attorneys for Mr. Blair outlining that reasonable accommodation should be made given Mr. Blair's disability. **(Exhibit H).**

35.    At the time the August 1, 2016 correspondence was drafted, the Ordinances held the terms "building" and "structure" to be interchangeable, and in its definition of the term "building" indicated the same as "[a] structure having one or more stories and a roof, designed primarily for shelter, support or enclosure of persons, animals or property of any kind." **(Exhibit I).**

36.     On May 15, 2017, Vergennes Township passed Ordinance 2017-1, which sought to amend and add definitions found in Section 201.202, and also amend language in the Section 201.307, which pertains to the Flat River District.  **(Exhibit J).**

37.      In the May 15, 2017 amendment, "structure" is defined as "anything constructed, erected, or moved to or from any lot and located above, on, or below the ground, including a building…road, boardwalk…ornamentation or a fence."  **(Exhibit J).**

38.     The May 15, 2017 amendment also added language in 201.307 relative to the Flat River District, including a restriction on land alterations, to wit: "Land alterations shall not occur within the natural vegetation strip except for the placement of wood chips for a foot path…No improved surface paths are allowed except for wood chips or…stairs…"  **(Exhibit J).**

39.     Vergennes Township filed a lawsuit against Mr. Blair in the 17th Circuit Court of Kent County, Michigan (Case No. 17-03571-CZ) relative to the concrete path, claiming that it was constructed in violation of the Ordinances and seeking to abate the path claiming it was a nuisance.

40.     On February 16, 2018, the Court entered an Order in the aforementioned matter, indicating that Mr. Blair must remove the pathway within sixty (60) days.  **(Exhibit K)**.

41.     The Court also indicated that while Mr. Blair may have claims under the Fair Housing Act (hereinafter "FHA") and the Americans with Disabilities Act (hereinafter "ADA"), he had yet to file for a reasonable accommodation with Vergennes Township.

42.     On February 28, 2018, Mr. Blair filed for a reasonable accommodation with Vergennes Township.  **(Exhibit L).**

43.     On June 17, 2019, Vergennes Township issued Ordinance 2019-02 which purported to "…AMEND SECTION 201.202 TO AMEND THE DEFINITION OF STRUCTURE; TO AMEND SECTION 201.307, F, 5 WHICH PERTAINS TO LAND ALTERATIONS;…[and] TO AMEND SECTION 201.402, F, WHICH PERTAINS TO EXEMPT STRUCTURES…"  **(Exhibit M).**

44.     The June 17, 2019 amendment of 201.202 expanded on the May 15, 2017 amendment to the definition of the term "structure," adding that "[f]or the purposes of this ordinance, *sidewalks, driveways*… and the like shall not be considered structures."  **(Exhibit M).**

45.     The June 17, 2019 amendment of 201.307 expanded on the May 15, 2017 amendment, adding that "[s]tructures, walkways, and sidewalks are prohibited in the Flat River District setbacks." **(Exhibit M).**

46.     Mr. Blair's concrete path was constructed before both the 2017 and 2019 amendments to the Vergennes Township Zoning Ordinances.

47.     The most recent version of the Vergennes Township Zoning Ordinances, effective December 31, 2020, has adopted the foregoing amendments. **(Exhibit C).**

### C. *Reasonable Accommodation Request by Mr. Blair*

48.     On August 28, 2020, Mr. Blair submitted a reasonable accommodation request to Vergennes Township, which included supporting documentation from his physician relative to his disability. **(Exhibit N).**

49.     Upon Vergennes Township's request, on January 27, 2021, Mr. Blair provided additional information relative to his request for reasonable accommodation, again providing documentation of his disability from his physician. **(Exhibit O).**

50.     Vergennes Township held a meeting to discuss Mr. Blair's reasonable accommodation request, at which time they requested that Mr. Blair provide detailed legal analysis to support his position.

51.     On April 13, 2021, Mr. Blair provided Vergennes Township with a detailed analysis, outlining his disability and providing legal support that the concrete path is a reasonable accommodation under the ADA and FHA. **(Exhibit P).**

52.     Several months later, Vergennes Township adopted Resolution 2021-06 relative to Mr. Blair's request for reasonable accommodation. **(Exhibit Q).**

53.     In the "Findings" portion of Resolution 2021-06, Vergennes Township indicated: "James M. Blair has adequately demonstrated that he has a [disability], to wit, severe diminished lung capacity due to sarcoidosis and asthma resulting in reduced lung capacity of at least 50%" and "[u]se of the Path by James M. Blair, is reasonably necessary for [him] to occupy and utilize the dwelling on the Property." **(Exhibit Q).**

54.     In the "Decision" portion of Resolution 2021-06 are several restrictive covenants, including the following: "(a) The Path may remain in place until James M. Blair no longer resides at the Property; (b) Use of the Path is limited to use by James [M.] Blair; (c) Once James M. Blair no longer resides at the Property, the Path shall be removed and/or otherwise put out of use as

determined by the Township; (d) In order to assure compliance with paragraph 3, the Blairs shall provide a bond and/or other form of financial assurance in such amounts and form as may be reasonably determined by the Township engineer and treasurer; (e) While this accommodation is in effect, the Blairs shall provide, upon written request by the Township, with evidence and facts to demonstrate that James M. Blair is still residing at the dwelling; [and] (f) Upon reasonable notice to the Blairs, and an opportunity to be heard, the accommodation provided by the Resolution may be terminated in the event the Decision and/or the conditions of this accommodation are violated." **(Exhibit Q).**

55. Further, Resolution 2021-06 indicated: "A copy of this Resolution shall be recorded with the Kent County Register of Deeds by the Blairs within thirty (30) days of this Resolution. If not, it may be recorded by the Township and, if any objections are made to such recording, such objections may be a basis to terminate the accommodation." **(Exhibit Q).**

### D. The Concrete Path

56. The concrete path was constructed prior to both the May 15, 2017 amendments and the June 17, 2019 amendments of the Vergennes Township Zoning Ordinances.

57. When the path was constructed, it cost Mr. Blair $5,342.00.

58. Due to the rising cost of contracting work and general inflation over time, Mr. Blair estimates that it would cost over $10,000.00 to demolish and remove the concrete path.

59. Because the Resolution requires that the concrete path be removed at an undefined and undetermined point in the future, it is impossible to surmise as to the actual cost to demolish and remove the concrete path.

60. The Blairs believe that the changes to the Property as a result of the concrete path are improvements that increase the value of said Property, and that there is no legal basis for Defendant to require that said improvements be removed or otherwise destroyed when Mr. Blair ceases to live there or should the Property be sold.

## COUNT I
## DECLARATORY RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT

61. Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

62.     Vergennes Township acted unlawfully in violation of the ADA in enacting Ordinance 201.307(B)(3)(b), which solely permits the construction of a stairway to access the Flat River absent a "safe, feasible, environmentally sound footpath."

63.     Vergennes Township acted unlawfully in violation of the ADA in enacting Ordinance 201.307(F)(5), which prohibits the use or construction of structures, walkways, and sidewalks in the Flat River District setbacks.

64.     By its Resolution, Vergennes Township has determined that Mr. Blair has adequately demonstrated that he has a disability.

65.     By its Resolution, Vergennes Township has determined that use of the concrete path by Mr. Blair is reasonably necessary to occupy and utilize the dwelling on the Property.

66.     Nonetheless, Defendant has refused to acknowledge its obligations under 42 USC 12132 as to providing reasonable accommodation to Mr. Blair as a disabled individual who is physically incapable of using a stairway to access the Flat River.

67.     Defendant has engaged in discriminatory conduct against Mr. Blair as a result of his being a disabled individual.

68.     Defendant's unlawful policies and practices have damaged Mr. Blair.

69.     Defendant's ongoing harassment of Mr. Blair in the passing of various amendments to the Zoning Ordinances in an effort to further discriminate against Mr. Blair on the basis of his disability have caused significant emotional distress and have imposed further strain on Mr. Blair's health.

70.     Defendant, Vergennes Township, has violated 42 USC 12101, *et seq.* through its refusal to recognize a reasonable accommodation under the ADA, and by forcing upon Mr. Blair the restrictive covenants found in the Decision section of the Resolution at subsections (a) through (f).

71.     Defendant, Vergennes Township, has violated 28 CFR 35.130 *et seq.* as Ordinances 201.307(B)(3)(b) and 201.307(F)(5) are discriminatory against individuals with disabilities, and in particular against Mr. Blair.

72.     Defendant, Vergennes Township, has violated 28 CFR 35.130(f) as the restrictive covenants found in the Decision section of the Resolution at subsections (a) through (f) impose a surcharge upon Mr. Blair as a disabled individual to allow him access to the Flat River.

73. Plaintiffs request that, after notice and hearing, the Court enter judgment that Defendant, Vergennes Township, has enforced policies, regulations, and practices and has engaged in conduct that is discriminatory against Mr. Blair, and that have interfered with Mr. Blair's use and enjoyment of his Property.

## COUNT II
## DECLARATORY RELIEF UNDER THE FHA

74. Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

75. Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the FHA in its enforcement of 201.307(B)(3)(a)(3), as it allows only stairways when there is not a safe or feasible footpath access to the Flat River.

76. The allowance of stairs only is facially discriminatory, as disabled homeowners such as Mr. Blair and those homeowners who require a wheelchair or other device of movement are unable to use a stairway.

77. Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the FHA by failing to provide reasonable accommodations to a disabled person.

78. Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the FHA by failing to allow reasonable modification of the Blair Property in order to accommodate Mr. Blair's disability.

79. Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the Fair Housing Act by imposing the restrictive covenants of the Resolution indicated in the Decision portion of said document at subsections (a) through (f), in contravention of Mr. Blair's right to a reasonable modification.

80. Plaintiff requests that this Court enter a judgment that Defendant, Vergennes Township, has enforced policies, regulations, and practices and has engaged in conduct that has interfered with Mr. Blair's use of concrete path in violation of the Fair Housing Act.

## COUNT III
## TEMPORARY RESTRAINING ORDER AND
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

81. Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

82.     Plaintiffs seek temporary, preliminary, and permanent injunctive relief restraining Vergennes Township from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5).

83.     Plaintiffs seek temporary, preliminary, and permanent injunctive relief restraining Vergennes Township from enforcing the restrictive covenants of the Resolution indicated in the Decision portion of said document at subsections (a) through (f).

84.     Plaintiffs request that the Court order Defendant to allow the concrete path to remain on the Property indefinitely, without fear of further prosecution or harassment by Vergennes Township.

85.     A temporary restraining order and preliminary injunction are warranted because (1) at trial, Mr. Blair is likely to prevail on the merits as Vergennes Township has already determined that he is an individual with a disability and that the concrete path is a reasonable accommodation; (2) without the concrete path, Mr. Blair will suffer irreparable harm in that he will not be able to independently enjoy his Property; (3) the balance of equities tips in Mr. Blair's favor as the harm he will sustain if this preliminary injunction is not granted is far greater than any potential harm the Defendant may sustain; and (4) the issuance of a preliminary injunction is in the public's interest.

86.     Plaintiffs further request the Court order that Defendant is permanently precluded from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5) against him.

87.     Plaintiffs further request that the Court order that Defendant is permanently precluded from enforcing the restrictive covenants to the Resolution indicated in the Decision portion of said document at subsections (a) through (f).

88.     Plaintiffs further request that the Court order that Defendant is precluded from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5) against all disabled persons similarly situated to Mr. Blair.

## COUNT IV
## VIOLATION OF THE TAKINGS CLAUSE – 42 USC 1983
**Resolution No. 2021-06 is an unconstitutional regulatory taking of property without just compensation in violation of the Fifth Amendment's Taking Clause as incorporated under the Fourteenth Amendment**

89.     Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

90.     Vergennes Township has seized without compensation the Blair's Property by instituting the restrictive covenants in the Resolution.

91.     This uncompensated seizure violates the Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, and also violates well-established notions of Substantive and Procedural Due Process.

92.     Plaintiffs respectfully request that this Court (i) declare Vergennes Township's actions unconstitutional; and (ii) order the payment of just compensation.

93.     Without extending constitutionally required just compensation to Plaintiffs, the Resolution jeopardizes the rights of Plaintiffs with respect to ownership of their Property.

94.     The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." US Const, Am V.

95.     The Takings Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interferences amount to a taking." *Lingle v Chevron USA Inc,* 544 U.S. 528, 536-37 (2005) (quoting *First English Evangelical Lutheran Church of Glendale v County of Los Angeles*, 482 US 304, 315 (1987) (emphasis in original)).

96.     The restrictive covenants of the Resolution require that use of the concrete path be limited to Mr. Blair only, that the path remain in place until Mr. Blair no longer resides at the Property, and that the path shall be removed and/or otherwise put out of use as determined by the Township at that time.

97.     Further, the restrictive covenants require that Mr. Blair provide a bond and/or other form of financial assurance in such amounts and form as may be reasonably determined by the Township engineer and treasurer to cover the cost of removing the path in the future.

98.     Finally, the restrictive covenants of the Resolution impose the duty upon Mr. Blair to provide, upon written request by the Township, evidence and facts to demonstrate that Mr. Blair is still residing at the dwelling.

99.     The Supreme Court "recognized that government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster – and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle*, 544 US at 537.

100.    It is also considered that "[t]he general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Pennsylvania Coal Co v Muhon*, 260 US 393, 415-16 (1922).

101.    Vergennes Township's Resolution is a taking, as its effect is tantamount to a direct appropriation or ouster of the Blair's property rights, and it extends too far in its reach and restrictions of the Property.

102.    Under the Resolution, the Blairs have suffered a complete loss of all economically beneficial uses of his Property, as they are otherwise unable to modify the Property associated with the path or allow any individual now, or in the future, use of the path.

103.    Alternatively, even if it is determined that the Blairs have not been deprived of all economically beneficial or productive use of the Property, they are entitled to just compensation because, through the Resolution, Vergennes Township seeks to physically and permanently invade the portion of the Property that contains the concrete path. *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich 17, 23; 614 NW2d 634 (2000) quoting *Lucas v South Carolina Coastal Council*, 505 US 1003, 1015; 112 S Ct 2886; 120 L Ed 798 (1992).

104.    In *Penn Central Transp Co v New York City*, the Supreme Court articulated that the framework for assessing whether a government action is considered a regulatory taking includes the consideration of "several factors that have particular significance." 438 US 104, 124 (1978).

105.    In determining whether such actions amount to a taking under *Penn Central*, the court must consider: "(1) the character of the government action, (2) the economic effect of the regulation on the property, and (3) the extent by which the regulation has interfered with distinct, investment-backed expectations." 438 US at 124, 98 S Ct at 2646.

106.    The imposition of the restrictive covenants of the Resolution by Vergennes Township has put an undue economic burden on the Blairs, to wit: – obligating the Blairs to hold a surety bond for an unknown amount to cover destruction and removal of the concrete path at some undefined point in the future; requiring that the concrete path be removed or "otherwise put out of use as determined by [Vergennes] Township"; and demanding that the Blairs provide "evidence and facts to demonstrate" Mr. Blair is still residing at the Property upon written request. **(Exhibit Q).**

107.    Further, the restrictive covenants of the Resolution interfere with distinct, investment-backed expectations of the Blairs, as the Blairs caused the path to be constructed and expended financial resources to accomplish that endeavor with the idea that it would remain on the Property in perpetuity and increase the Property value.

108.    The diminution of value and government interference caused by the restrictive covenants of the Resolution is an unconstitutional taking without just compensation.

### COUNT V.

### SUBSTANTIVE DUE PROCESS – 42 USC 1983

### INTERFERENCE WITH PROPERTY INTERESTS

**Resolution No. 2021-06 deprives Plaintiffs of Life, Liberty, and/or**

**Property without Due Process of Law in Violation of the Fourteenth Amendment**

109.    Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

110.    Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference in their fundamental property right to use and enjoy land in which they hold a recognized interest. See *MFS, Inc v DiLazaro*, 771 F Supp 2d 382-440-41 (ED Pa 2011) citing *DeBlasio v Zoning Bd of Adjustment for Twp of W Amwell*, 53 F3d 592, 600 (CA 3 1995).

111.    A substantive due process claim based on a land-use decision requires a showing "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Props, LLC v City of Toledo*, 698 F3d 845, 855 (CA 6 2012).

112.    The restrictive covenants of Resolution 2021-06, as set forth above, constitute arbitrary, capricious, irrational, and abusive conduct which unlawfully interferes with Plaintiffs' liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

113.    Defendant has acted under color of state law with the intent to unlawfully deprive the Plaintiffs of their liberty and property without substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

114.    Defendant's actions in issuing the restrictive covenants of Resolution 2021-06 constitute the official policy, custom, and practices of the State of Michigan.

115.     Resolution 2021-06 intrudes upon the Plaintiffs' use and enjoyment of their Property, therefore Defendant has violated Plaintiffs' substantive due process rights.

116.     Defendant has arbitrarily, irrationally, and capriciously imposed upon the Plaintiffs use and enjoyment of their Property by adding the restrictive covenants to Resolution 2021-06.

117.     Defendant has acted intentionally, willfully, wantonly, and with callous and reckless disregard for Plaintiffs' constitutional rights.

118.     As a direct and proximate result of Defendant's instituting the restrictive covenants in Resolution 2021-06, the Plaintiffs have and will continue to sustain monetary damages, including loss in the value of their Property, expenses, attorneys' fees, and other costs incurred.

## DAMAGES

119. Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

120. Mr. Blair has been damaged financially as a result of the conduct of the Defendant, and is entitled to both compensatory and punitive damages in amounts to be determined at trial.

## ATTORNEY FEES & COSTS

121. Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

122. Plaintiffs seek attorneys' fees and costs as allowed under the ADA, pursuant to 42 USC 12133 and 29 USC 794a.

123. Plaintiffs seek attorneys' fees and costs as allowed under the FHA, pursuant to 42 USC 3613(c).

124. Plaintiffs seek attorneys' fees and costs as allowed pursuant to 42 USC 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that a judgment in their favor be entered against Defendant, and further request that this Court:

A. Declare that enforcement of Ordinances 201.307(B)(3)(b) and 201.307(F)(5) against the Blairs is unlawful;

B.  Declare that enforcement of the restrictive covenants of Resolution 2021-06 indicated in the Decision portion of said document at subsections (a) through (f) is unlawful;

C.  Declare Defendant's acts and omissions as described above to be in violation of the Americans with Disabilities Act (42 USC 12133, *et seq.*);

D.  Declare Defendant's acts and omissions as described above to be in violation of the Fair Housing Act (42 USC 3601, *et seq.*);

E.  Declare Defendant's issuance of the restrictive covenants of Resolution 2021-06 as an unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendment;

F.  Declare Defendant's issuance of the restrictive covenants of Resolution 2021-06 as an unconstitutional violation of Plaintiffs' substantive due process rights under the First and Fourteenth Amendment;

G.  Grant Plaintiffs' request herein for preliminary and permanent injunctive relief, enjoining Defendant from denying Plaintiffs their rights under federal law by prohibiting them from maintaining the concrete path as a reasonable accommodation for Mr. Blair's disability;

H.  Grant Plaintiffs' request herein for preliminary and permanent injunctive relief, enjoining Defendant from denying Plaintiffs their rights under federal law by prohibiting them from maintaining the concrete path as a reasonable modification for Mr. Blair's disability;

I.  Find that any order of injunctive relief entered into this case is made against Defendant in favor of all disabled persons similarly situated to Mr. Blair, pursuant to Fed. R. Civ. Pro. 71;

J.  Award attorneys' fees, costs, and expenses incurred by Plaintiffs in this action pursuant to the ADA, FHA, and 42 USC 1988;

K.  Award compensatory damages for the Defendant's discrimination of Plaintiffs pursuant to statute;

L.  Award compensatory damages adequate to justly compensate Plaintiffs for the regulatory taking of their Property;

M. Award compensatory damages adequate to satisfy Plaintiffs in the amount owed for Defendant's violations of the Due Process Clause of the Fourteenth Amendment;

N. Award punitive damages to Plaintiffs; and

O. Award any such other relief as this honorable Court deems just and appropriate under the circumstances as related to this matter.

Respectfully submitted,

**KREIS, ENDERLE,
HUDGINS & BORSOS, PC**

Dated: October 13, 2021                  By: _____
                                              Robb S. Krueger (R66115)
                                              Courtney E.S. Eisk (P68475)
                                              Attorneys for Plaintiff

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

By: _____
Courtney E.S. Fisk (P68475)

**VERIFICATION**

Under penalty of perjury under the laws of the United States of America and the State of Michigan, I hereby declare that I have read the foregoing, and that the facts alleged herein are true and correct to the best of my knowledge and belief. I understand that a false statement in this Verification will subject me to penalties of perjury.

By: _____
James M. Blair

STATE OF MICHIGAN )
                  )ss
KENT COUNTY )

James Blair, only
Signed and sworn to before me in Kent

County, Michigan on October 5 th, 2021.

_____
Allison J Chandler, Notary Public

State of Michigan, County of Kent.

My Commission Expires:

ALLISON J CHANDLER
NOTARY PUBLIC - MICHIGAN
MONTCALM COUNTY
MY COMMISSION EXPIRES 12/18/2025
ACTING IN Kent COUNTY