UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JAMES M. BLAIR and LINDA BLAIR,
Jointly and severally,

      Plaintiffs,

v.

VERGENNES TOWNSHIP,

      Defendant.

Case No.  1:21-cv-00881

HON.  JANET T. NEFF
MAG. JUDGE SALLY J. BERENS

_____

### ANSWER TO VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE, AND DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES

NOW COMES the defendant, VERGENNES TOWNSHIP, by and through its attorneys, PLUNKETT COONEY, and for its Answer to Plaintiffs' Verified Complaint for Temporary Restraining Order, Injunctive, and Declaratory Relief, states:

### PRELIMINARY STATEMENT

ALLEGATION 1.      This is an action of injunctive and declaratory relief brought by Plaintiffs James M. and Linda Blair (hereinafter "Blairs" or "Plaintiffs").  The Blairs allege that they have been discriminated against in the provision of their housing based on Mr. Blair's disability, in violation of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.*; and the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 USC 3601 *et seq.*  Specifically, the Blairs allege that portions of the Vergennes Township Zoning Ordinances, including section 201.307(B)(a)(3), are unenforceable and facially discriminatory under the Fair Housing Act in that they do not afford disabled homeowners in the Flat River District the same opportunities as able-bodied individuals.  Additionally, the Blairs assert that Vergennes Township discriminated against Mr. Blair based upon his disability by requiring removal of a concrete path in his backyard, which is necessary for his medically related needs, once he no longer resides in the home.  Further, the Blairs assert that Resolution 2021-06 of the Vergennes Township Zoning Ordinances is an unconstitutional regulatory taking of their property without just compensation in contravention with the Fifth Amendment and in violation of their rights of substantive due process in violation of the Fourteenth Amendment under 42 USC 1983.

**ANSWER 1.         Paragraph 1 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 1.**

## PARTIES

ALLEGATION 4.(sic.)         The Plaintiff, James M. Blair, is a resident of Vergennes Township, Kent County, Michigan.

**ANSWER 4.         Admitted.**

ALLEGATION 5.         The Plaintiff, Linda Blair, is a resident of Vergennes Township, Kent County, Michigan.

**ANSWER 5.         Admitted.**

ALLEGATION 6.         The Defendant, Vergennes Township, is a municipal corporation, located in Kent County, Michigan, and organized under the laws of the State of Michigan.

**ANSWER 6.         Admitted.**

## JURISDICTION AND VENUE

ALLEGATION 7.         Jurisdiction is conferred on this Court by 28 USC 1331, 28 USC 1343(a)(3)-(4), and 42 USC 3613, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

**ANSWER 7.         The Defendant does not contest this Court's jurisdiction.**

ALLEGATION 8.         Plaintiffs have brought this action to seek relief under 42 USC 1983; 42 USC 3601 *et seq*.; 42 USC 12101 *et seq*.; and the Fifth and Fourteenth Amendments. US Const, Am V, XIV.

**ANSWER 8.         The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.**

ALLEGATION 9.	Venue is proper in the western District of Michigan pursuant to 28 USC 1391 (b) and (c), as Defendant is deemed to reside in this judicial district and the events or omissions giving rise to the claim arose in this judicial district.

**ANSWER 9.	The Defendant admits venue is proper in the Western District of Michigan.**

## FACTUAL BACKGROUND

ALLEGATION 10.	James Blair is an adult married man who is disabled.  Mr. Blair has long standing sarcoidosis and asthma, with reduced lung function at 50% of normal range and significant dyspnea on exertion related to his underlying lung disease.  At all times relevant herein, Mr. Blair has resided in the Township of Vergennes, Kent County, Michigan.

**ANSWER 10.	It is admitted James Blair resides in Vergennes Township. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.**

ALLEGATION 11.	Linda Blair is an adult woman married to James Blair, who resides with him at the home located at 13922 Thompson Drive in Vergennes Township, Michigan (hereinafter "Property").

**ANSWER 11.	Admitted.**

ALLEGATION 12.	The Property at which the Blairs reside is located alongside the Flat River, in what is considered the Flat River District.

**ANSWER 12.	Admitted.**

ALLEGATION 13.	The home on the Property is situated on top of a hill, more than 100 feet from the riverbank of the Flat River.

**ANSWER 13.	Admitted.**

ALLEGATION 14.	The Property is equipped with a stairway that leads to the Flat River, however Mr. Blair is unable to use it due to his medical condition.

**ANSWER 14.	The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.**

ALLEGATION 15.      Mr. Blair is diagnosed as having sarcoidosis and asthma, with reduced lung function at 50% of normal range and significant dyspnea on exertion related to his underlying lung disease.  (**Exhibit A**).

**ANSWER 15.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.**

ALLEGATION 16.      Due to Mr. Blair's disability, he is unable to freely transverse up and down the hill or stairway, such that he may access  his Property or enjoy the Flat River.

**ANSWER 16.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.**

### A.      *The Concrete Path*

ALLEGATION 17.      In late 2015, Mr. Blair constructed a six foot wide concrete path from his home to the Flat River.  (**Exhibit B**).

**ANSWER 17.      It is admitted a six foot wide concrete path was constructed on the property. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.**

ALLEGATION 18.      The concrete path is outside of the 25 foot protected vegetation strip as required by 201.307(F)(3) of the Vergennes Township Zoning Ordinances (hereinafter "Ordinances").  (**Exhibit C**).

**ANSWER 18.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.**

ALLEGATION 19.      Mr. Blair stained the concrete a brown color to resemble the dirt that is present on the banks of the Flat River, and also landscaped the surroundings such that it blends-in with the surrounding natural environment.

**ANSWER 19.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.**

ALLEGATION 20.      The concrete path is not visible from the Flat River.

**ANSWER 20.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.**

ALLEGATION 21.     At the time the path was constructed, the Ordinances were silent as to the construction of concrete pathways.

**ANSWER 21.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, as the Defendant does not know when the concrete path was constructed.**

ALLEGATION 22.     Mr. Blair uses a utility task vehicle (hereinafter "UTV") to traverse down the concrete path, as he is unable to walk the length of the path due to his disability.

**ANSWER 22.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.**

ALLEGATION 23.     When using his UTV, Mr. Blair does not drive off the concrete path as he does not wish to disturb the natural habitat and environment surrounding the Flat River.

**ANSWER 23.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.**

ALLEGATION 24.     Mr. Blair constructed the path such that he could utilize and enjoy his Property without causing erosion to the hill leading down to the Flat River.

**ANSWER 24.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.**

ALLEGATION 25.     The path is necessary to allow Mr. Blair access to the Flat River, as his disability makes it impossible for him to walk up and down the steep hill to do so.

**ANSWER 25.** **The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.**

ALLEGATION 26.     Mr. Blair utilizes the concrete path to drive down to the Flat River to maintain the natural beauty of the riverside and remove natural debris and waste left by persons using the Flat River.

**ANSWER 26.**        **The Defendant is without knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 26.**

ALLEGATION 27.        Additionally, Mr. Blair drives his UTV down the concrete path so he may fish and perform other leisure activities in the quiet enjoyment of his Property.

**ANSWER 27.**        **The Defendant is without knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 27.**

### B.    *Vergennes Township Zoning Ordinances*

ALLEGATION 28.        On May 25, 2016, Vergennes Township sent correspondence to Mr. Blair indicating that the concrete path was a nonconforming use and therefore not permitted under its Ordinances.  (**Exhibit D**).

**ANSWER 28.**        **Admitted.**

ALLEGATION 29.        On June 20, 2016, Mr. Blair attended a Vergennes Township meeting at which the concrete path was discussed.

**ANSWER 29.**        **Admitted.**

ALLEGATION 30.        During the meeting, Mr. Blair indicated that he could not utilize a staircase to traverse up and down the hill to the Flat River due to his disability.  (**Exhibit E**).

**ANSWER 30.**        **Admitted.**

ALLEGATION 31.        Vergennes Township members reported that they had consulted with the State Natural Rivers Administrator who had determined that the concrete path was a structure, and therefore considered a nonconforming use under the Ordinance. (**Exhibit E**).

**ANSWER 31.**        **Admitted.**

ALLEGATION 32.        On July 20, 2016, Vergennes Township sent correspondence to Mr. Blair indicating that it was determined that the concrete path was not protected under the Fair Housing Act and that Mr. Blair had the option to either file for a zoning variance or provide "legal proof" that he was allowed to have the concrete path, or he would be cited. (**Exhibit F**).

**ANSWER 32.**        **Admitted.**

ALLEGATION 33.    On July 28, 2016, Dr. Timothy E. Daum, Mr. Blair's Pulmonary Physician, provided correspondence outlining Mr. Blair's disability and requesting that a reasonable accommodation be made in light of the same.  (**Exhibit G**).

**ANSWER 33.    Admitted.**

ALLEGATION 34.    The aforementioned correspondence was provided to Vergennes Township on August 1, 2016, along with a detailed analysis provided by attorneys for Mr. Blair outlining that reasonable accommodation should be made given Mr. Blair's disability.

**ANSWER 34.    It is admitted only that the letter from Dr. Daum and correspondence from Plaintiffs' attorneys were sent to the Township. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the characterization of the correspondence contained in paragraph 34.**

ALLEGATION 35.    At the time the August 1, 2016 correspondence was drafted, the Ordinances held the terms "building" and "structure" to be interchangeable, and in its definition of the term "building" indicated the same as "[a] structure having one or more stories and a roof, designed primarily for shelter, support or enclosure of persons, animals or property of any kind."  (**Exhibit I**).

**ANSWER 35.    It is admitted the Plaintiffs have accurately quoted the definition of "building" contained in the January 2, 2012 Supplement 19 to the Zoning Ordinance. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.**

ALLEGATION 36.    On May 15, 2017, Vergennes Township passed Ordinance 2017-1, which sought to amend and add definitions found in Section 201.202, and also amend language in the Section 201.307, which pertains to the Flat River District.  (**Exhibit J**).

**ANSWER 36.    It is admitted the Zoning Ordinance was amended on May 15, 2017.**

ALLEGATION 37.    In the May 15, 2017 amendment, "structure" is defined as "anything constructed, erected, or moved to or from any lot and located above, on, or below the ground, including a building…road, boardwalk…ornamentation or a fence."  (**Exhibit J**).

**ANSWER 37.        It is admitted the Plaintiffs have accurately quoted a portion of the definition of "structure" contained in the May 15, 2017 amendment to the Zoning Ordinance.**

ALLEGATION 38.    Vergennes Township filed a lawsuit against Mr. Blair in the 17th Circuit Court of Kent County, Michigan (Case No. 17-03571-CZ) relative to the concrete path, claiming that it was constructed in violation of the Ordinances and seeking to abate the path claiming it was a nuisance.

**ANSWER 38.        Admitted.**

ALLEGATION 39.    Vergennes Township filed a lawsuit against Mr. Blair in the 17th circuit Court of Kent County, Michigan (Case No. 17-03571-CZ) relative to the concrete path, claiming that it was constructed in violation of the Ordinances and seeking to abate the path claiming it was a nuisance.

**ANSWER 39.        Admitted.**

ALLEGATION 40.    On February 16, 2018, the Court entered an order in the aforementioned matter, indicating that Mr. Blair must remove the pathway within sixty (60) days.  (**Exhibit K**).

**ANSWER 40.        Admitted.**

ALLEGATION 41.    The Court also indicated that while Mr. Blair may have claims under the Fair Housing Act (hereinafter "FHA") and the Americans with Disabilities Act (hereinafter "ADA"), he had yet to file for a reasonable accommodation with Vergennes Township.

**ANSWER 41.        The allegations contained in paragraph 41 are denied as untrue. In further answer the February 16, 2018 Opinion and Order of the Kent County Circuit Court stated that the Blairs' "argument that self-constructing the concrete pathway is a 'reasonable' and 'necessary' accommodation under the FHA and ADA is without merit in this case."**

ALLEGATION 42.    On February 28, 2018, Mr. Blair filed for a reasonable accommodation with Vergennes Township.  (**Exhibit L**).

**ANSWER 42.        It is admitted that counsel for the Plaintiffs sent a letter to the Township dated February 27, 2018 that stated in part: ". . . we are hereby requesting that the Township permit the Blairs to retain their concrete pathway as a reasonable accommodation based on Mr. Blair's health issues."**

ALLEGATION 43.      On June 17, 2019, Vergennes Township issued Ordinance 2019-02 which purported to "…AMEND SECTION 201.202 TO AMEND THE DEFINITION OF STRUCTURE; TO AMEND SECTION 201.307, F, 5 WHICH PERTAINS TO LAND ALTERATIONS;…[and] TO AMEND SECTION 201.402, F, WHICH PERTAINS TO EXEMPT STRUCTURES…" (**Exhibit M**).

**ANSWER 43.        The allegations contained in paragraph 43 are denied as untrue. In further answer it is admitted that the Township amended the Zoning Ordinance on June 17, 2019, by amending seven sections of the Ordinance.**

ALLEGATION 44.      The June 17, 2019 amendment of 201.202 expanded on the May 15, 2017 amendment to the definition of the term "structure," adding that "[f]or the purposes of this ordinance, *sidewalks, driveways*… and the like shall not be considered structures." (**Exhibit M**).

**ANSWER 44.        It is admitted only that the June 17, 2019 amendments to the Zoning Ordinance included the language cited by Plaintiffs among the amendments in Section 201.202 of the Ordinance.**

ALLEGATION 45.      The June 17, 2019 amendment of 201.307 expanded on the May 15, 2017 amendment, adding that "[s]tructures, walkways, and sidewalks are prohibited in the Flat River District setbacks." (**Exhibit M**).

**ANSWER 45.        It is admitted only that the June 17, 2019 amendments to the Zoning Ordinance included the language cited by Plaintiffs among the amendments in Section 201.307 of the Ordinance.**

ALLEGATION 46.      Mr. Blair's concrete path was constructed before both the 2017 and 2019 amendments to the Vergennes Township Zoning Ordinances.

**ANSWER 46.** **It is admitted that Plaintiffs illegally constructed the concrete path prior to the 2017 and 2019 amendments.**

ALLEGATION 47.     The most recent version of the Vergennes Township Zoning Ordinances, effective December 31, 2020, has adopted the foregoing amendments. (**Exhibit C**).

**ANSWER 47.** **Admitted.**

### C. *Reasonable Accommodation Request by Mr. Blair*

ALLEGATION 48.     On August 28, 2020, Mr. Blair submitted a reasonable accommodation request to Vergennes Township, which included supporting documentation from his physician relative to his disability. (**Exhibit N**).

**ANSWER 48.** **It is admitted that counsel for the Plaintiffs sent a letter to the Township dated August 28, 2020 requesting an accommodation under the ADA.**

ALLEGATION 49.     Upon Vergennes Township's request on January 27, 2021, Mr. Blair provided additional information relative to his request for reasonable accommodation, again providing documentation of his disability from his physician. (**Exhibit O**).

**ANSWER 49.** **Admitted.**

ALLEGATION 50.     Vergennes Township held a meeting to discuss Mr. Blair's reasonable accommodation request, at which time they requested that Mr. Blair provide detailed legal analysis to support his position.

**ANSWER 50.** **It is admitted that the Township requested additional information regarding the requested accommodation.**

ALLEGATION 51.     On April 13, 2021, Mr. Blair provided Vergennes Township with a detailed analysis, outlining his disability and providing legal support that the concrete path is a reasonable accommodation under the ADA and FHA. (**Exhibit P**).

**ANSWER 51.** **It is admitted that counsel for Plaintiffs sent correspondence to the Township's attorney dated April 13, 2021 responding to the request for additional information.**

ALLEGATION 52.     Several months later, Vergennes Township adopted Resolution 2021-06 relative to Mr. Blair's request for reasonable accommodation.  (**Exhibit Q**).

**ANSWER 52.          It is admitted the Township adopted Resolution 2021-06. It**

**is denied as untrue that the Resolution was adopted "several months" after the April**

**13, 2021 correspondence; the Resolution was adopted on June 21, 2021 which is two**

**months after the April 13, 2021 correspondence.**

ALLEGATION 53.     In the "Findings" portion of Resolution 2021-06, Vergennes Township indicated:  "James M. Blair has adequately demonstrated that he has a [disability], to wit, severe diminished lung capacity due to sarcoidosis and asthma resulting in reduced lung capacity of at least 50% and "[u]se of the Path by James M. Blair, is reasonably necessary for [him] to occupy and utilize the dwelling on the Property."  (**Exhibit Q**).

**ANSWER 53.          Admitted.**

ALLEGATION 54.     In the "Decision" portion of Resolution 2021-06 are several restrictive covenants, including the following:  "(a) The Path may remain in place until James M. Blair no longer resides at the Property; (b) Use of the Path is limited to use by James [M.} Blair; (c) Once James M. Blair no longer resides at the Property, the Path shall be removed and/or otherwise put out of use as determined by the Township; (d) In order to assure compliance with paragraph 3, the Blairs shall provide a bond and/or other form of financial assurance in such amounts and form as may be reasonably determined by the Township engineer and treasurer; (e) While this accommodation is in effect, the Blairs shall provide, upon written request by the Township, with evidence and facts to demonstrate that James M. Blair is still residing at the dwelling; [and] (f) Upon reasonable notice to the Blairs, and an opportunity to be heard, the accommodation provided by the Resolution may be terminated in the event the Decision and/or the conditions of this accommodation are violated." (**Exhibit Q**).

**ANSWER 54.          It is denied as untrue the Resolution contains "restrictive**

**covenants." It is admitted that the Resolution granted an accommodation subject to**

**six conditions.**

ALLEGATION 55.     Further, Resolution 2021-06 indicated:  "A copy of this Resolution shall be recorded with the Kent County Register of Deeds by the Blairs within thirty (30) days of this Resolution.  If not, it may be recorded by the Township and, if any objections are made to such recording, such objections may be a basis to terminate the accommodation."  (**Exhibit Q**).

**ANSWER 55.          It is admitted the Resolution contains the quoted language.**

### D. *The Concrete Path*

ALLEGATION 56.     The concrete path was constructed prior to both the May 15, 2017 amendments and the June 17, 2019 amendments of the Vergennes Township Zoning Ordinances.

**ANSWER 56.          It is admitted the Plaintiffs illegally constructed the concrete path prior to the 2017 and 2019 Zoning Ordinance amendments.**

ALLEGATION 57.     When the path was constructed, it cost Mr. Blair $5,342.00.

**ANSWER 57.          The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.**

ALLEGATION 58.     Due to the rising cost of contracting work and general inflation over time, Mr. Blair estimates that it would cost over $10,000.00 to demolish and remove the concrete path.

**ANSWER 58.          The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.**

ALLEGATION 59.     Because the Resolution requires that the concrete path be removed at an undefined and undetermined point in the future, it is impossible to surmise as to the actual cost to demolish and remove the concrete path.

**ANSWER 59.          The allegations contained in paragraph 59 are denied as untrue.**

ALLEGATION 60.     The Blairs believe that the changes to the Property as a result of the concrete path are improvements that increase the value of said Property, and that there is no legal basis for Defendant to require that said improvements be removed or otherwise destroyed when Mr. Blair ceases to live there or should the Property be sold.

**ANSWER 60.          The Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' subjective beliefs as contained in paragraph 60. In further answer, it is denied as untrue that the Defendant has no legal basis to grant the accommodation with conditions.**

## COUNT I
## DECLARATORY RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT

ALLEGATION 61.      Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 61.          The Defendant incorporates by reference paragraphs 1 through 60 of its Answer.**

ALLEGATION 62.      Vergennes Township acted unlawfully in violation of the ADA in enacting Ordinance 201.307(B)(3)(b), which solely permits the construction of a stairway to access the Flat River absent a "safe, feasible, environmentally sound footpath."

**ANSWER 62.          The allegations contained in paragraph 62 are denied as untrue.**

ALLEGATION 63.      Vergennes Township acted unlawfully in violation of the ADA in enacting ordinance 201.307(F)(5), which prohibits the use of construction of structures, walkways, and sidewalks in the Flat River District setbacks.

**ANSWER 63.          The allegations contained in paragraph 63 are denied as untrue.**

ALLEGATION 64.      By its Resolution, Vergennes Township has determined that Mr. Blair has adequately demonstrated that he has a disability.

**ANSWER 64.          Admitted.**

ALLEGATION 65.      By its Resolution, Vergennes Township has determined that use of the concrete path by Mr. Blair is reasonably necessary to occupy and utilize the dwelling on the Property.

**ANSWER 65.          Admitted.**

ALLEGATION 66.      Nonetheless, Defendant has refused to acknowledge its obligations under 42 USC 12132 as to providing reasonable accommodation to Mr. Blair as a disabled individual who is physically incapable of using a stairway to access the Flat River.

**ANSWER 66.          The allegations contained in paragraph 66 are denied as untrue.**

13

ALLEGATION 67.    Defendant has engaged in discriminatory conduct against Mr. Blair as a result of his being a disabled individual.

**ANSWER 67.         The allegations contained in paragraph 67 are denied as untrue.**

ALLEGATION 68.    Defendant's unlawful policies and practices have damaged Mr. Blair.

**ANSWER 68.         It is denied as untrue the Defendant has any unlawful policies or practices, therefore the allegations contained in paragraph 68 are denied as untrue.**

ALLEGATION 69.    Defendant's ongoing harassment of Mr. Blair in the passing of various amendments to the Zoning Ordinances in an effort to further discriminate against Mr. Blair on the basis of his disability have caused significant emotional distress and have imposed further strain on Mr. Blair's health.

**ANSWER 69.         It is denied as untrue the Defendant has harassed the Plaintiff or has discriminated against the Plaintiff in any way, therefore the allegations contained in paragraph 69 are denied as untrue.**

ALLEGATION 70.    Defendant, Vergennes Township, has violated 42 USC 12101, *et seq.* through its refusal to recognize a reasonable accommodation under the ADA, and by forcing upon Mr. Blair the restrictive covenants found in the Decision section of the resolution at subsections (a) through (f).

**ANSWER 70.         The allegations contained in paragraph 70 are denied as untrue.**

ALLEGATION 71.    Defendant, Vergennes Township, has violated 28 CFR 35.130 *et seq.* as Ordinances 201.307(B)(3)(b) and 201.307(F)(5) are discriminatory against individuals with disabilities, and in particular against Mr. Blair.

**ANSWER 71.         The allegations contained in paragraph 71 are denied as untrue.**

ALLEGATION 72.    Defendant, Vergennes Township, has violated 28 CFR 35.130(f) as the restrictive covenants found in the Decision section of the Resolution at subsections (a)

through (f) impose a surcharge upon Mr. Blair as a disabled individual to allow him access to the Flat River.

**ANSWER 72.        The allegations contained in paragraph 72 are denied as untrue.**

ALLEGATION 73.        Plaintiffs request that, after notice and hearing, the Court enter judgment that Defendant, Vergennes Township, has enforced policies, regulations, and practices and has engaged in conduct that is discriminatory against Mr. Blair, and that have interfered with Mr. Blair's use and enjoyment of his Property.

**ANSWER 73.        It is denied as untrue the Plaintiffs are entitled to any relief.**

**COUNT II**
**DECLARATORY RELIEF UNDER THE FHA**

ALLEGATION 74.        Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 74.        The Defendant incorporates paragraphs 1 through 73 of its Answer.**

ALLEGATION 75.        Defendant, Vergennes Township, has violated 42 USC 3601, *et seq*., of the FHA in its enforcement of 201.307(B)(3)(a)(3), as it allows only stairways when there is not a safe or feasible footpath access to the Flat River.

**ANSWER 75.        The allegations contained in paragraph 75 are denied as untrue.**

ALLEGATION 76.        The allowance of stairs only is facially discriminatory, as disabled homeowners such as Mr. Blair and those homeowners who require a wheelchair or other device of movement are unable to use a stairway.

**ANSWER 76.        The allegations contained in paragraph 76 are denied as untrue.**

ALLEGATION 77.        Defendant, Vergennes Township, has violated 42 USC 3601, *et seq*., of the FHA by failing to provide reasonable accommodations to a disabled person.

**ANSWER 77.**          **The allegations contained in paragraph 77 are denied as untrue.**

ALLEGATION 78.     Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the FHA by failing to allow reasonable modification of the Blair Property in order to accommodate Mr. Blair's disability.

**ANSWER 78.**          **The allegations contained in paragraph 78 are denied as untrue.**

ALLEGATION 79.     Defendant, Vergennes Township, has violated 42 USC 3601, *et seq.*, of the Fair Housing Act by imposing the restrictive covenants of the Resolution indicated in the Decision portion of said document at subsections (a) through (f), in contravention of Mr. Blair's right to a reasonable modification.

**ANSWER 79.**          **The allegations contained in paragraph 79 are denied as untrue.**

ALLEGATION 80.     Plaintiff requests that this Court enter a judgment that Defendant, Vergennes Township, has enforced policies, regulations, and practices and has engaged in conduct that has interfered with Mr. Blair's use of concrete path in violation of the Fair Housing Act.

**ANSWER 80.**          **It is denied as untrue the Plaintiffs are entitled to any relief.**

## COUNT III
## TEMPORARY RESTRAINING ORDER AND
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

ALLEGATION 81.     Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 81.**          **The Defendant incorporates paragraphs 1 through 80 of its Answer.**

ALLEGATION 82.     Plaintiffs seek temporary, preliminary, and permanent injunctive relief restraining Vergennes Township from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5).

**ANSWER 82.**          **It is denied as untrue the Plaintiffs are entitled to any relief.**

16

ALLEGATION 83.      Plaintiffs seek temporary, preliminary, and permanent injunctive relief restraining Vergennes Township from enforcing the restrictive covenants of the Resolution indicated in the Decision portion of said document at subsections (a) through (f).

**ANSWER 83.           It is denied as untrue the Plaintiffs are entitled to any relief.**

ALLEGATION 84.      Plaintiffs request that the Court order Defendant to allow the concrete path to remain on the Property indefinitely, without fear of further prosecution or harassment by Vergennes Township.

**ANSWER 84.           It is denied as untrue the Township has harassed the Plaintiffs. It is denied as untrue the Plaintiffs are entitled to any relief.**

ALLEGATION 85.      A temporary restraining order and preliminary injunction are warranted because (1) at trial, Mr. Blair is likely to prevail on the merits as Vergennes Township has already determined that he is an individual with a disability and that the concrete path is a reasonable accommodation; (2) without the concrete path, Mr. Blair will suffer irreparable harm in that he will not be able to independently enjoy his Property; (3) the balance of equities tips in Mr. Blair's favor as the harm he will sustain if this preliminary injunction is not granted is far greater than any potential harm the Defendant may sustain; and (4) the issuance of a preliminary injunction is in the public's interest.

**ANSWER 85.           The allegations contained in paragraph 85 are denied as untrue.**

ALLEGATION 86.      Plaintiffs Further request the Court order that Defendant is permanently precluded from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5) against him.

**ANSWER 86.           It is denied as untrue the Plaintiffs are entitled to any relief.**

ALLEGATION 87.      Plaintiffs further request that the Court order that Defendant is permanently precluded from enforcing the restrictive covenants to the Resolution indicated in the Decision portion of said document at subsections (a) through (f).

**ANSWER 87.           It is denied as untrue the Plaintiffs are entitled to any relief.**

ALLEGATION 88.      Plaintiffs further request that the Court order that Defendant is precluded from enforcing Ordinances 201.307(B)(3)(b) and 201.307(F)(5) against all disabled persons similarly situated to Mr. Blair.

**ANSWER 88.           It is denied as untrue the Plaintiffs are entitled to any relief.**

**COUNT IV**
**VIOLATION OF THE TAKINGS CLAUSE – 42 USC 1983**

**Resolution No. 2021-06 is an unconstitutional regulatory taking of property without just compensation in violation of the Fifth Amendment's Taking Clause as Incorporated under the Fourteenth Amendment**

ALLEGATION 89.       Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 89.          The Defendant incorporates paragraphs 1 through 88 of its**

**Answer.**

ALLEGATION 90.       Vergennes Township has seized without compensation the Blair's Property by instituting the restrictive covenants in the Resolution.

**ANSWER 90.          The allegations contained in paragraph 90 are denied as**

**untrue.**

ALLEGATION 91.       This uncompensated seizure violates the Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, and also violates well-established notions of Substantive and Procedural Due Process.

**ANSWER 91.          The allegations contained in paragraph 91 are denied as**

**untrue.**

ALLEGATION 92.       Plaintiffs respectfully request that this Court (i) declare Vergennes Township's actions unconstitutional; and (ii) order the payment of just compensation.

**ANSWER 92.          It is denied as untrue the Plaintiffs are entitled to any relief.**

ALLEGATION 93.       Without extending constitutionally required just compensation to Plaintiffs, the Resolution jeopardizes the rights of Plaintiffs with respect to ownership of their Property.

**ANSWER 93.          It is denied as untrue the Plaintiffs are entitled to just**

**compensation as there has been no taking of their property. It is denied as untrue the**

**Resolution adversely affects the Plaintiffs' property rights.**

ALLEGATION 94. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." US Const, Am V.

**ANSWER 94.** **Paragraph 94 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 94.**

ALLEGATION 95. The Takings Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interferences amount to a taking." *Lingle v Chevron USA Inc*, 544 U.S. 528, 536-37 (2005) (quoting *First English Evangelical Lutheran Church of Glendale v County of Los Angeles*, 482 US 304, 315 (1987) (emphasis in original)).

**ANSWER 95.** **Paragraph 95 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 95.**

ALLEGATION 96. The restrictive covenants of the Resolution require that use of the concrete path be limited to Mr. Blair only, that the path remain in place until Mr. Blair no longer resides at the Property, and that the path shall be removed and/or otherwise put out of use as determined by the Township at that time.

**ANSWER 96.** **The allegations contained in paragraph 96 are denied as untrue. It is admitted that paragraph 96 recites some of the conditions included in the Resolution.**

ALLEGATION 97. Further, the restrictive covenants require that Mr. Blair provide a bond and/or other form of financial assurance in such amounts and form as may be reasonably determined by the Township engineer and treasurer to cover the cost of removing the path in the future.

**ANSWER 97.** **The allegations contained in paragraph 97 are denied as untrue. It is admitted that paragraph 97 recites some of the conditions included in the Resolution.**

ALLEGATION 98.    Finally, the restrictive covenants of the Resolution impose the duty upon Mr. Blair to provide, upon written request by the Township, evidence and facts to demonstrate that Mr. Blair is still residing at the dwelling.

**ANSWER 98.** **The allegations contained in paragraph 98 are denied as untrue. It is admitted that paragraph 98 recites some of the conditions included in the Resolution.**

ALLEGATION 99.    The Supreme Court "recognized that government regulation of private property may, in some instances, be so onerous that its effort is tantamount to a direct appropriation or ouster – and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle,* 544 US at 537.

**ANSWER 99.** **Paragraph 99 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 99.**

ALLEGATION 100.    It is also considered that "[t]he general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Pennsylvania Coal Co v Muhon*, 260 US 393, 415-16 (1922).

**ANSWER 100.** **Paragraph 100 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 100.**

ALLEGATION 101.    Vergennes Township's Resolution is a taking, as its effect is tantamount to a direct appropriation or ouster of the Blair's property rights, and it extends too far in its reach and restrictions of the Property.

**ANSWER 101.** **The allegations contained in paragraph 101 are denied as untrue.**

ALLEGATION 102.    Under the Resolution, the Blairs have suffered a complete loss of all economically beneficial uses of his Property, as they are otherwise unable to modify the Property associated with the path or allow any individual now, or in the future, use of the path.

**ANSWER 102.** **The allegations contained in paragraph 102 are denied as untrue.**

ALLEGATION 103.    Alternatively, even if it is determined that the Blairs have not been deprived of all economically beneficial or productive use of the Property, they are entitled to just compensation because, through the Resolution, Vergennes Township seeks to physically and permanently invade the portion of the Property that contains the concrete path. *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich 17, 23; 614 NW2d 634 (2000) quoting *Lucas v South Carolina Coastal Council*, 505 US 1003, 1015; 112 S Ct 2886; 120 L Ed 798 (1992).

**ANSWER 103.** **The allegations contained in paragraph 103 are denied as untrue.**

ALLEGATION 104.    In *Penn Central Transp Co v New York City*, the Supreme Court articulated that the framework for assessing whether a government action is considered a regulatory taking includes the consideration of "several factors that have particular significance."  438 US 104, 124 (1978).

**ANSWER 104.** **Paragraph 104 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 104.**

ALLEGATION 105.    In determining whether such actions amount to a taking under *Penn Central*, the court must consider:  "(1) the character of the government action, (2) the economic effect of the regulation on the property, and (3) the extent by which the regulation has interfered with distinct, investment-backed expectations."  438 US at 124, 98 S Ct at 2646.

**ANSWER 105.** **Paragraph 105 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 105.**

ALLEGATION 106.   The imposition of the restrictive covenants of the Resolution by Vergennes Township has put an undue economic burden on the Blairs, to wit:  -- obligating the Blairs to hold a surety bond for an unknown amount to cover destruction and removal of the concrete path at some undefined point in the future; requiring that the concrete path be removed or "otherwise put out of use as determined by [Vergennes] Township"; and demanding that the Blairs provide "evidence and facts to demonstrate" Mr. Blair is still residing at the Property upon written request.  (**Exhibit Q**).

**ANSWER 106.** **The allegations contained in paragraph 106 are denied as untrue.**

ALLEGATION 107.   Further, the restrictive covenants of the Resolution interfere with distinct, investment-backed expectations of the Blairs, as the Blairs caused the path to be constructed and expended financial resources to accomplish that endeavor with the idea that it would remain on the Property in perpetuity and increase the Property value.

**ANSWER 107.** **The allegations contained in paragraph 107 are denied as untrue.**

ALLEGATION 108.   The diminution of value and government interference caused by the restrictive covenants of the Resolution is an unconstitutional taking without just compensation.

**ANSWER 108.** **It is denied as untrue there has been a diminution in value to the property. It is denied as untrue a diminution in the value of property can constitute a taking. It is denied as untrue the Plaintiffs' property has been subject to a taking.**

**COUNT V.**
**SUBSTANTIVE DUE PROCESS – 42 USC 1983**
**INTERFERENCE WITH PROPERTY INTERESTS**

**Resolution No. 2021-06 deprives Plaintiffs of Life, Liberty, and/or
Property without Due Process of Law in Violation of the Fourteenth Amendment**

ALLEGATION 109.    Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 109.        The Defendant incorporates paragraphs 1 through 108 of its Answer.**

ALLEGATION 110.    Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference in their fundamental property right to use and enjoy land in which they hold a recognized interest.  See *MFS, Inc v DiLazaro*, 771 F Supp 2d 382-440-49 (ED Pa 2011) citing *DeBlasio v Zoning Bd of Adjustment for Twp of W Amwell*, 53 F3d 592, 600 (CA 3 1995).

**ANSWER 110.        Paragraph 110 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 110.**

ALLEGATION 111.    A substantive due process claim based on a land-use decision requires a showing "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action."  *EJS Props, LLC v City of Toledo*, 698 F3d 845, 855 (CA 6 2012).

**ANSWER 111.        Paragraph 111 does not contain properly pled allegations of fact but contains legal contentions. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 111.**

ALLEGATION 112.    The restrictive covenants of Resolution 2021-06, as set forth above, constitute arbitrary, capricious, irrational, and abusive conduct which unlawfully interferes with Plaintiffs' liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER 112.        The allegations contained in paragraph 112 are denied as untrue.**

ALLEGATION 113.    Defendant has acted under color of state law with the intent to unlawfully deprive the Plaintiffs of their liberty and property without substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

**ANSWER 113.        It is admitted the Defendant acted under color of law. The**

**remaining allegations contained in paragraph 113 are denied as untrue.**

ALLEGATION 114.    Defendant's actions in issuing the restrictive covenants of Resolution 2021-06 constitute the official policy, custom, and practices of the State of Michigan.

**ANSWER 114.        The allegations contained in paragraph 114 are denied as**

**untrue.**

ALLEGATION 115.    Resolution 2021-6 intrudes upon the Plaintiffs' use and enjoyment of their Property therefore Defendant has violated Plaintiffs' substantive due process rights.

**ANSWER 115.        The allegations contained in paragraph 115 are denied as**

**untrue.**

ALLEGATION 116.    Defendant has arbitrarily, irrationally, and capriciously imposed upon the Plaintiffs use and enjoyment of their Property by adding the restrictive covenants to Resolution 2021-06.

**ANSWER 116.        The allegations contained in paragraph 116 are denied as**

**untrue.**

ALLEGATION 117.    Defendant has acted intentionally, willfully, wantonly, and with callous and reckless disregard for Plaintiffs' constitutional rights.

**ANSWER 117.        The allegations contained in paragraph 117 are denied as**

**untrue.**

ALLEGATION 118.    As a direct and proximate result of Defendant's instituting the restrictive covenants in Resolution 2021-06, the Plaintiffs have and will continue to sustain monetary damages, including loss in the value of their Property, expenses, attorneys' fees, and other costs incurred.

**ANSWER 118.** **The allegations contained in paragraph 118 are denied as untrue.**

## DAMAGES

ALLEGATION 119.     Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 119.** **The Defendant incorporates paragraphs 1 through 118 of its Answer.**

ALLEGATION 120.     Mr. Blair has been damaged financially as a result of the conduct of the Defendant, and is entitled to both compensatory and punitive damages in amounts to be determined at trial.

**ANSWER 120.** **The allegations contained in paragraph 120 are denied as untrue.**

## ATTORNEY FEES & COSTS

ALLEGATION 121.     Plaintiffs hereby restate and reallege by reference the foregoing allegations as though fully stated herein.

**ANSWER 121.** **The Defendant incorporates paragraphs 1 through 120 of its Answer.**

ALLEGATION 122.     Plaintiffs seek attorneys' fees and costs as allowed under the ADA, pursuant to 42 USC 12133 and 29 USC 794a.

**ANSWER 122.** **It is denied as untrue the Plaintiffs are entitled to an award of attorney's fees.**

ALLEGATION 123.     Plaintiffs seek attorneys' fees and costs as allowed under the FHA, pursuant to 42 USC 3613(c).

**ANSWER 123.** **It is denied as untrue the Plaintiffs are entitled to an award of attorney's fees.**

ALLEGATION 124.     Plaintiffs seek attorneys' fees and costs as allowed pursuant to 42 USC 1988.

**ANSWER 124.            It is denied as untrue the Plaintiffs are entitled to an award of attorney's fees.**

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this Honorable Court enter judgment in its favor and award the defendant its actual, reasonable attorney fees pursuant to 42 U.S.C. §1988 and costs as allowed by law.

Respectfully submitted,

DATED:  November 18, 2021              PLUNKETT COONEY


BY:   /s/Michael S. Bogren
        Michael S. Bogren (P34835)
        Attorney for Defendant

333 Bridge Street, NW., Suite 530
Grand Rapids, Michigan  49504
**Direct Dial:  269/226-8822**
mbogren@plunkettcooney.com


## AFFIRMATIVE DEFENSES

NOW COMES the defendant, VERGENNES TOWNSHIP, by and through its attorneys, PLUNKETT COONEY, and raises the following Affirmative Defenses to the Plaintiffs' Complaint:

1.      Vergennes Township is immune from an award of punitive damages.

2.      Count III does not state a viable cause of action. A request for injunctive relief is a remedy, not an independent cause of action.

3.      The Plaintiff has been provided with a reasonable accommodation, therefore his claims under the ADA and the FHA fail to state a claim upon which relief can be granted.

4.      Conditions that accompany an accommodation do not violate the ADA or the FHA.

5.      The Plaintiffs do not have a protected property interest in the illegally constructed concrete pathway therefore Count V fails as a matter of law.

6.      The conditions identified by the Township are rationally related to legitimate governmental interests and are not arbitrary or irrational in the constitutional sense.

7.      The Plaintiffs lack standing to assert claims or seek relief on behalf of nonparties to the litigation.

8.      The Plaintiffs' claims may be barred by expiration of the applicable statute of limitations.

9.      The conditions identified by the Township do not constitute the sort of governmental action that fall within the unconstitutional conditions doctrine.

10.     Even assuming the unconstitutional conditions doctrine applies, the Township has not demanded an exaction from the Plaintiffs and the conditions identified by the Township are individualized and are directly proportional to the mitigation of the accommodation once it is no longer required.

Respectfully submitted,

DATED:  November 18, 2021          PLUNKETT COONEY


BY:   /s/Michael S. Bogren
          Michael S. Bogren (P34835)
          Attorney for Defendant

333 Bridge Street, NW., Suite 530
Grand Rapids, Michigan  49504
**Direct Dial:  269/226-8822**
mbogren@plunkettcooney.com

Open.20213.15356.27480135-1

27